## WESTLEY McELLISON v. STATE.

No. A-10484.   Oct. 17, 1945.
(162 P. 2d 785.)

Dan Mitchell, of Enid, for plaintiff in error.

Randell S. Cobb, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Harry McKeever, Co. Atty., of Enid, for defendant in error.

BAREFOOT, P. J.   Defendant, Westley McEllison, was charged, by amended information, in the county court of Garfield county, with the crime of "unlawfully making an offer to one Sergeant Thompson to secure another, to wit: * * *, for the purpose of prostitution with said Sergeant Thompson"; was tried, convicted and sentenced by the court to serve a term of four months in the county jail, and to pay $41.60 costs, and has appealed.

This is a companion case to that of Dunham v. State, reported in 81 Okla. Cr. 205, 162 P. 2d 332.

The facts herein are identical with the facts in the above mentioned case, and for the reasons stated therein, the case must be reversed.

It also appears in this case that the trial court failed to charge the jury with reference to the punishment which could be assessed under the statute. The only charge of the court with reference to the punishment to be assessed was as follows:

"You are further instructed that if you find the defendant guilty, but are unable to agree upon the sentence to be imposed you may return a verdict of guilty and the court will assess and declare the sentence to be imposed upon your finding of guilty."

This statute, under which defendant was prosecuted, provided for a punishment of "not less than thirty (30) days nor more than one (1) year * * * in the county jail." 21 O. S. Supp. 1943 § 1031. The jury should have been instructed as to this penalty and given an opportunity to fix the punishment, and in the event they could not agree on the punishment, it could then be left to the court to assess the same.

For the reasons above stated, the judgment of the county court of Garfield county is reversed.

JONES, J., concurs. DOYLE, J., not participating.